FILED

**FROM THE UNITED STATE BANKRUPTCY COURT
TO THE UNITED STATES DISTRICT COURT 2008 JUN 24 PM 1:57
CALIFORNIA CENTRAL DISTRICT**

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____ NL

| | |
|---|---|
| In re ) | **District Case No:** _____ |
|     Teresa Jean Moore ) | |
| Appellant ) | |
| v. ) | **EMERGENCY STAY MOTION** |
| ) | **PENDING APPEAL** |
| NANCY HOFFMEIER ZAMORA, Chapter 7 ) | |
| Trustee of the estate of Debra Denise Parks, ) | CV08-04156 R |
| Appellee. ) | |

| | |
|---|---|
| In re ) | **Bankruptcy Case No: 04-15349-GM** |
|     Teresa Jean Moore ) | **Adversary Case No: 08-01034-GM** |
| Debtor. ) | ORDER & WRIT: (1) GRANTING |
| ) | PARTIAL SUMMARY ADJUDICATION |
| ) | …; (2) AUTHORIZING THE PARKS |
| NANCY HOFFMEIER ZAMORA, Chapter 7 ) | TRUSTEE TO SELL …; (3) |
| Trustee of the estate of Debra Denise Parks, ) | COMPELLING TURNOVER OF REAL |
| Plaintiff, ) | PROPERTY …; (4) ISSUING WRIT OF |
| ) | EXECUTION … (June 27, 2008). |
| v. ) | |
| ) | **Bankruptcy Case No: 07-14784-GM** |
| TERESA JEAN MOORE and JENNIFER ) | ORDER & WRIT: (1) AUTHORIZING |
| LAUREN MOORE, ) | SALE OF REAL PROPERTY FREE AND |
| Defendants. ) | CLEAR …; (2) APPROVING BUYER …; |
| ) | (3) AUTHORIZING PAYMENT OF |
| ) | UNDISPUTED LIENS …. |



No fee

### EMERGENCY STAY MOTION

### PENDING APPEAL FROM THE U.S. BANKRUPTCY COURT

### <u>TO THE U.S. DISTRICT COURT FOR THE CALIFORNIA CENTRAL DISTRICT</u>

**DEFENDANT-APPELLANT**:
Teresa J. Moore
13636 Ventura Blvd., #246
Sherman Oaks, California 91423
Tel: 818-206-1146 ● Fax: 818-301-2577
Net: teresa_j_moore@yahoo.com

**PLAINTIFF-APPELLEE**:
Nancy Hoffmeier Zamora
Chapter 7 Trustee
444 South Flower Street, Suite 1550
Los Angeles, California 90071
Tel: 213-488-9411 ● Fax: 213-488-9418
Net: zamora3@aol.com

## EMERGENCY MOTION

The APPELLANT: Teresa J. Moore (Moore) certifies the following:

**1.      The telephone numbers and office address of the moving and opposing counsel are**:

| DEFENDANT-APPELLANT: | PLAINTIFF-APPELLEE: |
|---|---|
| Teresa J. Moore | Lei Lei Wang Ekval, Esq. |
| 13636 Ventura Blvd., #246 | 650 Town Center Drive, Suite 950 |
| Sherman Oaks, California 91423 | Costa Mesa, California 92626 |
| Tel: 818-206-1146 | Tel: 714-966-1000 |
| Fax: 818-301-2577 | Fax: 714-966-1002 |
| Net: teresa_j_moore@yahoo.com | Net: aspaeth@wgllp.com |

**2.      The facts showing the existence and the nature of the claimed emergency**:

On the June 27, 2008, the U.S. Marshall will remove the APPELLANT: Moore and her guests from two properties (the Longridge Terrace Property and the Otsego Street Property) by the Writs of Possession. On the June 28, 2008, a third-party will buy the Longridge Terrace Property, which will make the appeal moot. Upon the sale to the third-party, the APPELLANT: Moore will lose her home and office and her equity in the properties, which no court will reverse. The APPELLANT: Moore is the 100% equitable owner of the properties by the effect of a Land Sales Agreement (written) and a Joint Ownership Agreement (written and oral) with the DEBTOR: Debra Parks, which is the subject of the appeal. Under the 11 U.S.C. § 363(m), the "reversal or modification on appeal of an authorization ... of a sale ... of property does not affect the validity ... unless such authorization and such sale ... were stayed pending appeal."

**3.      The date and the manner of the service of the Emergency Stay Motion on the opposing counsel**:

The APPELLANT: Moore served the opposing counsel with a copy of the Emergency Stay Motion by an email transmittal and a facsimile transmittal at 12:00 p.m. on the June 24, 2008.

**4.      The submission and the grounds for a stay pending appeal in the Bankruptcy Court**:

On the June 17, 2008, the APPELLANT: Moore made an oral motion to the bankruptcy court judge for a stay of the orders pending an appeal, which the JUDGE: Mund denied. The attachment of the APPENDIX FOUR is a true and correct copy of the ORDER DENYING TERESA MOORE'S ORAL MOTION FOR STAY PENDING APPEAL. Although the APPELLANT: Moore presented the issues in her papers, the JUDGE: Mund ignored (1) the commission of the fraud by the debtor and the perpetuation of the fraud by the trustee, (2) the lack of the jurisdiction by the court, and (3) the erroneous application of the summary judgment standard.

DATE: <u>June 24, 2008</u>                    Respectfully Presented,

*Teresa J. Moore*

Teresa J. Moore
13636 Ventura Blvd, #246
Sherman Oaks, California 91423
Tel: (818) 206-1146 • Fax: (818) 301-2577

## MEMORANDUM OF THE POINTS AND AUTHORITIES

The APPELLANT: Teresa J. Moore (Moore) requests a stay of the orders at the Appendix Two and the Appendix Three by the JUDGE: Geraldine Mund (Mund) of the U.S. Bankruptcy Court, California Central District, pending the appeal of the order to the U.S. District Court, California Central District.

### ARGUMENT

"An appellant seeking a discretionary stay pending appeal under Bankruptcy Rule 8005 must prove: (1) appellant is likely to succeed on the merits of the appeal; (2) appellant will suffer irreparable injury; (3) no substantial harm will come to appellee; and (4) the stay will do no harm to the public interest." *Universal Life Church v. United States*, 191 B.R. 433, 444 (E.D. Cal. 1995). "The party moving for a stay has the burden on each of these elements." *In re Shenandoah Realty Partners, L.P.*, 248 B.R. 505, 510 (W.D. Va. 2000).

First, the court must determine whether the appellant will suffer irreparable injury without the stay. Second, the court must pass upon the likelihood of harm to the appellee should an injunction issue and then weigh that harm against the countervailing injury to the appellant without the injunctive relief. If the balance of harms clearly favors the appellant, then the court need only find that the appellant has raised substantial and serious questions on the merits for preliminary relief to issue. However, if the potential harm to the parties is more evenly balanced, the appellant must make a stronger showing of success on the merits. The final factor for the court to consider is the public interest. *In re Skinner*, 202 B.R. 867, 869 (W.D. Va. 1996) *citing Multi-Channel TV Cable Co. v. Charlottesville Quality Cable Operating Co.*, 22 F.3d 546, 551 (4th Cir. 1994) (*quoting Direx Israel LTD. v. Breakthrough Medical Corp.*, 952 F.2d 802, 812-13 (4th Cir. 1991)). The case law signals a preference in favor of maintaining the status quo. *Feller v. Brock, 802 F.2d 722, 727 (4th Cir. 1986)* (*citing Blackwelder Furniture Co. v. Seilig Manufacturing Co.*, 550 F.2d 189 (4th Cir. 1977)).

Under the Federal Rules of Bankruptcy, Rule 8005, "A motion for a stay of the judgment, order, or decree of a bankruptcy judge . . . pending appeal must ordinarily be presented to the bankruptcy judge in the first instance. . . . A motion for such relief, or for modification or

termination of relief granted by a bankruptcy judge, may be made to the district court or the bankruptcy appellate panel, but the motion shall show why the relief, modification or termination was not obtained from the bankruptcy judge." *In re Wymer*, 5 B.R. 802, 807 (B.A.P. 9th Cir. 1980). "When a bankruptcy court has ruled on the issue of a stay of its order pending appeal, the district court, sitting as an appellate court, reviews that decision for abuse of discretion." *Universal Life Church* at 444.

"Discretion will be found to have been abused when the judicial action is arbitrary, fanciful or unreasonable which is another way of saying that discretion is abused only where no reasonable man would take the view adopted by the trial court. If reasonable men could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion. It is equally well-established that on appeal to the district court from bankruptcy court, issues of law are reviewed de novo while the district court is constrained to accept the bankruptcy court's findings of facts unless they are clearly erroneous." *In re Blackwell*, 162 B.R. 117, 119 (E.D. Pa. 1993).

# I.      THE COURT SHOULD GRANT THE EMERGENCY STAY MOTION BECAUSE THE BALANCE OF HARM FAVORS THE APPELLANT WHO RAISES SUBSTANTIAL AND SERIOUS QUESTIONS ON THE MERITS OF THE APPEAL

**A.      The Summary Adjudication Of The Issues Was Inappropriate Because (1) Of Intentional Misrepresentations By The Debtor: Parks, (2) Of The Un-Litigated And Un-Resolved Allegations Of The Fraud In The State Court Proceedings, And (3) The Perpetuation Of The Fraud By The Trustee: Zamora.**

"The fundamental doctrine of *res judicata* rests at the core of our judicial system." *In the Matter of Adrian Bonilla Montalvo v. Banco Comercial De Mayaguez*, 157 B.R. 510, 512-513, (D.P.R. 1993) (*citing Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 401 (1981)). The goals of finality and certainty are furthered by the application of the doctrine, which prohibits a claim from being litigated repetitiously outside of the normal appeals process. *Id.* With the fundamental doctrine of *res judicata*, there is the constitutional mandate that all courts

in the United States give full-faith and credit to the decisions of other courts, whether territorial, state, federal, or special. U.S. Const. Art. IV, § 1. "Again, the full faith and credit principle furthers the goals of certainty, finality, and comity in legal dealings within our nation." *Id.* However, there is an exception to the application of the *res judicata* doctrine which is relevant to this case in which there is an allegation of a fraud underlying the original state court proceedings [and the bankruptcy court proceedings]. *Id.* "It has long been recognized that a judgment attained with the aid of fraud does not deserve the deference normally given a case by other courts." *Id.* "In fact, a party may collaterally attack a previous judgment by proving that the previous decision arose from fraud." *Id.*

The Supreme Court explored this interesting *res judicata* question in a bankruptcy context and concluded that a state court decision obtained through fraud does not have a preclusive effect, and the bankruptcy court has the ability -- if not the duty -- to examine the evidence of the fraud brought to its attention. *Montalvo* at 513, *citing Heiser v. Woodruff,* 327 U.S. 726, 736 (1946). In *Montalvo*, the district court remanded the case to the bankruptcy court for further consideration because "a *previously unlitigated allegation of fraud,* if true, would erode the foundation of the state court judgment at issue *according to state law,* the bankruptcy court should allow a full presentation of evidence on the fraud point, thereby setting aside momentarily the claim preclusion of the doctrine of *res judicata*." *Montalvo* at 514.

1.     **An un-litigated allegation of fraud underlies the Placencio Partition Action (LC069308) in the state court, which the Trustee: Zamora perpetuates by her action.**

In this case, the DEBTOR: Debra Denise Parks (Parks) orally conveyed her remaining equitable interest in the Otsego Street Property to the APPELLANT: Moore as part of a settlement agreement in a state court partition action, which involved a forgery counterclaim by the APPELLANT: Moore against the THIRD-PARTY: Arnold Placencio. Before the filing of her voluntary chapter 7 petition and without the knowledge or consent of the appellant, the DEBTOR: Parks encumbered the Longridge Terrace Property and the Otsego Street Property with two Deeds of Trust to her Mother: Margaret Parks as the beneficiary and her brother: Greg Parks as the trustee for the "Purpose of Securing" the purported promissory notes to HAPMP,

LLC and the PARKS VENTURES, LP, of which the DEBTOR: Parks is a limited partner and managing agent.

In her bankruptcy petition schedules, the DEBTOR: Parks did not disclose her interests in the HAPMP, LLC and the PARKS VENTURES, LP and did not disclose the appellant's ownership interests in the Longridge Terrace Property and the Otsego Street Property. The ATTORNEY: J. Bennett Friedman prepared the chapter 7 petition, which the ATTORNEY: Jim Price filed, for the DEBTOR: Parks; prepared and filed the proof of claim for the CREDITOR: HAPMP, LLC; prepared and filed the proof of claim for the CREDITOR: PARKS VENTURES, LP; and prepared and filed the proof of claim for the CREDITOR: Margaret Parks. The ATTORNEY: J. Bennett Friedman also participated in a settlement negotiation with the appellant before the filing of the chapter 7 petition, wherein the DEBTOR: Parks and her attorney acknowledged the ownership interests of the appellant. Thus, the oral agreement and the bankruptcy petition and its schedules constitute an intentional misrepresentation by the DEBTOR: Parks and her attorneys.

After the filing of the petition, the bankruptcy court appointed Nancy Zamora (Zamora) as the trustee of the Debra Parks Estate, "who took control of the debtor's property with the same knowledge of the debtor at the time." (*In re Gurs*, 27 B.R. 163 (9th Cir. BAP 1983). The TRUSTEE: Zamora conducted an investigation of the properties and conducted a deposition of the DEBTOR: Parks. Thereafter, the TRUSTEE: Zamora commenced an adversary proceeding in the debtor's bankruptcy case (07-14784-GM), by the filing of a complaint against the DEFENDANT: Margaret Parks to "avoid and recover preferential transfers" re the recording of the trust deeds against the properties. The deeds of trust were not "preferential transfers." They were fraudulent liens, which the DEBTOR: Parks recorded without the knowledge and the consent of the appellant and which prevented the refinance of the mortgages by the appellant.

The TRUSTEE: Zamora then commenced an adversary proceeding in the appellant's bankruptcy case (04-15349-GM), not in the debtor's bankruptcy case (07-14784-GM), by the filing of a complaint to avoid "actually fraudulent transfers." The trustee perpetuates the fraud by the prosecution of the adversary complaint under the hypothesis (fiction) of a bona fide

purchaser. Thus, the DEBTOR: Parks and the TRUSTEE: Zamora deprive the appellant of her equitable title ownership in the properties by the summary judgment process without the resolution of the underlying fraud allegations.

      **2.**     **An un-litigated allegation of fraud underlies the DeSosa Partition Action (BC315623) in the state court, which the Trustee: Zamora perpetuates by her action.**

In this case, the DEBTOR: Parks transferred her equitable interest in the Longridge Terrace Property by the execution of the Land Sales Contract, which the appellant has substantially performed. Although the CREDITOR: Ruth de Sosa (DeSosa) had an option to purchase the property $200,000 below the market price, she filed a state court partition action, which named the appellant, and claimed a joint ownership interest in the property where none was ever formed. The CREDITOR: DeSosa obtained relief form the automatic stay to prosecute her claim, but then, dismissed the appellant from the partition action and settled with the DEBTOR: Parks. Although the JUDGE: Mund dismissed the DeSosa claim in the appellant's bankruptcy case, the CREDITOR: DeSosa continues to make allegations of fraud against the appellant, who also holds unresolved allegations of fraud against the CREDITOR: DeSosa. These un-litigated and un-resolved allegations of fraud by the various parties against the APPELLANT: Moore appear to be the source of the bias against the APPELLANT: Moore by the JUDGE: Mund.

Thus, the summary adjudication of the issues was inappropriate because (1) of the intentional misrepresentations of the DEBTOR: Parks; (2) the un-litigated and unresolved allegations of fraud in the state court proceedings; and (3) the perpetuation of the fraud by the TRUSTEE: Zamora. The court must allow a full presentation of the fraud evidence to preserve the resources of the parties and the court.

      **B.**     **The Bankruptcy court lacked the subject matter jurisdiction to issue the orders because the adversary complaint failed to state a claim for relief.**

The Court lacked subject matter jurisdiction because the adversary complaint failed to state any claim for relief. In the adversary complaint, the TRUSTEE: Zamora claims "to avoid actually fraudulent transfers" as her First Claim For Relief, which she incorporates in the

following claims by the reference. Under her information and belief, the TRUSTEE: alleges "that the Transfers were made with actual intent to hinder, delay, or defraud creditors of Parks that existed at the time of the Transfers and after the Transfers were made." By the filing of the complaint in the appellant's bankruptcy case, the implication is that the appellant committed some wrongful act. However, the allegations of the complaint do not identify the actor of the actual fraud; do not identify the elements of the actual fraud; do not identify the means of the actual fraud; and do not identify the victims of the fraud. Although the trustee (1) conducted an investigation, as was her duty; (2) discovered the possession of the properties by the appellant; and (3) discovered the fraudulent encumbrances recorded by the DEBTOR: Parks, the bankruptcy court treated the trustee as a hypothetical bona fide purchaser with no actual knowledge of the foregoing facts. Thus, the bankruptcy court lacked subject matter jurisdiction.

**C.     The bankruptcy court misapplied the summary judgment standard.**

The trustee was not a bona fide purchaser because she had constructive notice of the appellant's interest by the fact of the appellant's actual possession of the properties for the past four years. Although, the trustee had the burden of proof as a bona fide purchaser, she offered no evidence on the issue. (*See the Declaration of Nancy Zamora*). A "prudent purchaser" describes someone who is shrewd in the management of practical affairs and whose conduct is marked by wisdom, judiciousness, or circumspection. (*Wiseman*). Additionally, the appellant paid more than $500,000 towards the purchase of the properties and has substantially performed on the agreements. However, the judge made all the inferences in the trustee's favor. No reasonable person would adopt the position of the court re the equitable title of the properties by the appellant and the duty to investigate by the trustee.

**D.     The secured creditors of the Debra Parks Estate may not share in the distribution of the proceeds because of their failure to file a proof of claim in the appellant's bankruptcy case.**

Since the creditors of the DEBTOR: Parks have not filed their claims in the appellant's bankruptcy estate, then those creditors may not share in the distribution of any proceeds should the sale proceed on the June 28, 2008.

<u>CONCLUSION</u>

The appellant has raised substantial and serious questions on the merits of the appeal because (1) of the un-litigated and un-resolved allegations of the fraud, which underlay the state court partition actions re the Longridge Terrace Property and the Otsego Street Property, (2) of the intentional misrepresentations of the DEBTOR: Parks and the perpetuation of the fraud by the TRUSTEE: Zamora, (3) of the lack of the subject matter jurisdiction by the complaints' failure to state a claim, and (4) of the failure to file a proof of claim by the creditors of the Debra Parks Estate in the appellant's bankruptcy case. Therefore the Court should grant the Emergency Stay Motion Pending the Appeal because the balance of the harm favors the appellant, who has raised substantial and serious questions on the merit of the appeal; because of the execution of the writs of possession on the June 27, 2008; and because of the mootness of the appeal without the stay of the June 28, 2008 sale of the Longridge Terrace Property and the.

**II.   THE COURT SHOULD GRANT THE EMERGENCY STAY MOTION BECAUSE THE APPELLANT WILL SUFFER IRREPARABLE INJURY WITHOUT THE STAY PENDING THE APPEAL.**

The APPELLANT: Moore is the 100% equitable title owner of the Longridge Terrace Property. The order will allow the sale of the property to a bona fide purchaser on June 28, 2008 under 11 U.S.C. § 363(h), which will make the appeal moot. Without the stay, the appellant will suffer irreparable injury by the loss of her home and office and by the conversion of her equity in the properties. The appellant will have no place to live and no place to conduct her business. Regardless of the outcome on the merits, no amount of money or other legal remedy will compensate for the non-pecuniary injury from these losses. Therefore the Court should grant the Emergency Stay Motion because the appellant will suffer irreparable injury without the stay pending the appeal.

**III.   THE COURT SHOULD GRANT THE EMERGENCY STAY MOTION BECAUSE THE APPELLEE WILL SUFFER NO SUBSTANTIAL HARM BY THE STAY PENDING THE APPEAL.**

The appellee will suffer no substantial harm by the stay pending the appeal. The appellee claims irreparable harm to the estate and its creditors by the delay because the payments to the senior liens are not being paid and the property is losing equity in a depreciating market. The loss of one's home cannot compare to a possible marginal erosion of equity. *See In re Skinner*, 202 B.R. 867, 869 (W.D. Va. 1996). The claim is unfounded because the Trustee's Realtor has only marketed the property for a little more than 30 days. Moreover, the current real estate market in the area reflects active buying since April at prices of $400,000 more than the purchase price of the proposed buyer. Additionally, there is no need to sell the home, because the appellant will payoff the bona fide secured creditors through a refinance of the loans which would also provide funds to payoff any legitimate unsecured creditors. Under the current sale plan, no unsecured creditors will share in the distribution of the proceeds.

## IV.  THE COURT SHOULD GRANT THE EMERGENCY STAY MOTION BECAUSE THE STAY OF THE ORDERS WILL SERVE THE PUBLIC INTEREST.

The stay of the orders pending the appeal will serve the public interest. Although the satisfaction of debt is no doubt supported by the public interest; an even stronger public interest is the policy against the unnecessary forfeiture of homes and the disturbance of the status quo. *Skinner* at 869. Moreover, the public has a much stronger interest in the integrity of the judicial system. The failure of a full presentation of the fraud evidence will undermine the Public's trust in the judicial system. Additionally, the allegations of judicial bias and the manipulation of the legal system by the officers of the court deprives the appellant of her property interests without the due process of the law and further undermines the integrity of the judicial system.

DATE: June 24, 2008                    Respectfully Presented,

*Teresa J. Moore*

Teresa J. Moore
13636 Ventura Blvd, #246
Sherman Oaks, California 91423
Tel: (818) 206-1146 • Fax: (818) 301-2577

## DECLARATION OF THE APPELLANT

I, Teresa J. Moore, declare:

**1.**    My name is Teresa J. Moore and I am the appellant in this case. I am not an attorney and I proceed in my own stead. I have firsthand knowledge of the following facts and, if called as a witness, I will testify to the veracity of those facts. I make this declaration in support of the Emergency Stay Motion.

**2.**    I am the 100% equitable title owner of the properties by the effect of a Land Sales Agreement (written) re the Longridge Terrace Property and a Joint Ownership Agreement (written and oral) re the Otsego Street Property with the DEBTOR: Debra Parks, which is the subject of the appeal.

**3.**    On June 27, 2008, the U.S. Marshall will remove me and my guests from the Longridge Terrace Property and the Otsego Street Property by the Writs of Possession.

**4.**    On June 28, 2008, a third-party will buy the Longridge Terrace Property, which will make the appeal moot.

**5.**    Upon the execution of those writs and the sale to the third-party, I will suffer irreparable harm by the loss of my home and office and by the loss of my equity in the properties, which no court will reverse.

**6.**    On June 17, 2008, I made an oral motion before Judge Geraldine Mund to stay the effect of the order pending the appeal. However, Judge Mund denied the motion for the reasons stated in her order. The Exhibit 3 of the APPENDIX is a true and correct copy of the ORDER DENYING TERESA MOORE'S ORAL MOTION FOR STAY PENDING APPEAL.

**7.**    By the process of electronic filing and the circumstance of my business trip out of the state, I had only ten days (effectively) to respond to the Trustee's motion for summary adjudication and the motion for authorization to sell. I could not properly defend against the claims. Although I requested additional time, Judge Mund denied the request.

**8.**    In the papers submitted to the court, I presented facts showing: (1) my equitable title ownership of the properties, (2) the constructive notice of those interests under the California law, (3) the commission of the fraud by the debtor and the perpetuation of the fraud by

the trustee, (4) the lack of the jurisdiction by the court by the failure to state a claim in the complaint, and (5) the erroneous application of the summary judgment standard.

**9.** However, in her papers submitted to the court, the Trustee Nancy Zamora did not present any facts re the extent of her investigation or any facts re her status as a bona fide purchaser. Moreover, the Debtor Debra Parks did not present any declarations or any testimony. Nevertheless, the court determined that I had no interest in the properties and that the trustee was a bona fide purchaser under the California law.

**10.** The motion should not be remanded to the bankruptcy judge for reconsideration because Judge Mund holds a strong personal dislike and bias against me. Since the filing of my voluntary chapter 13 petition in August of 2004, I have received no relief whatsoever from the bankruptcy court. The judge has made bizarre rulings in my case. I objected to her bias and the prejudice that it has caused by the filing of a recusal motion, which Judge Mund summarily denied. The source of the bias by Judge Mund appears to be the un-litigated and un-resolved allegations of fraud by the various parties. My claims have all been blocked by Judge Mund.

**11.** On June 17, 2008, Judge Mund issued two orders with writs of possession re the Longridge Terrace Property and the Otsego Street Property.

**12.** On June 23, 2008, I filed a Notice of Appeal and a District Court Election with the U.S. Bankruptcy Court, California Central District. The APPENDIX contains a true and correct copy of the NOTICE OF APPEAL, the DISTRICT COURT ELECTION, and the attachment of the orders on the appeal.

**13.** Finally, I notified the opposing counsel: Lei Lei Wang Ekvall of the Emergency Stay Motion by a facsimile transmittal and by an email transmittal at 12:00 p.m. on June 24, 2008.

//

//

//

//

//

I declare under the penalty of perjury that the foregoing statements are true and correct.

Executed on the _24_ day of June, 2008, at Studio City, California.

Teresa J. Moore
13636 Ventura Blvd, #246
Sherman Oaks, California 91423
Tel: (818) 206-1146 • Fax: (818) 301-2577
Net: teresa_j_moore@yahoo.com

# APPENDIX

### NOTICE OF APPEAL AND DISTRICT COURT ELECTION
WITH THE ATTACHMENTS:

**EXHIBIT 1**: ORDER: (1) GRANTING PARTIAL SUMMARY ADJUDICATION OF THE ISSUES …; (2) AUTHORIZING THE PARKS TRUSTEE TO SELL …; (3) COMPELLING TURNOVER OF REAL PROPERTY …; (4) ISSUING WRIT OF EXECUTION ….

**EXHIBIT 2**: ORDER: (1) AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, AND INTEREST …; (2) APPROVING BUYER … AS GOOD-FAITH PURCHASER …; (3) AUTHORIZING PAYMENT OF UNDISPUTED LIENS, … COMMISSIONS AND OTHER ORDINARY COSTS OF SALE.

**EXHIBIT 3**: ORDER DENYING TERESA MOORE'S ORAL MOTION FOR STAY PENDING APPEAL REGARDING MOTION FOR ORDER: 1. GRANTING PARTIAL SUMMARY ADJUDICATION OF THE ISSUES …; 2. AUTHORIZING THE PARKS TRUSTEE TO SELL …; 3. COMPELLING TURNOVER OF REAL PROPERTY …; 4. ISSUING WRIT OF EXECUTION ….



**FILED**

**JUN 2 3 2008**

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                           Deputy Clerk

## UNITED STATES BANKRUPTCY COURT
## CALIFORNIA CENTRAL DISTRICT

|  |  |  |
|---|---|---|
| In re | ) | Bankruptcy Case No: 04-15349-GM |
|  | ) | Adversary Case No: 08-01034-GM |
| Teresa Jean Moore | ) |  |
|  | ) | **NOTICE OF APPEAL** |
| Debtor. | ) |  |
|  | ) |  |

### NOTICE OF APPEAL

The DEFENDANT: Teresa J. Moore appeals under the 28 U.S.C. § 158(a) from the

judgments, orders, or decrees of the bankruptcy JUDGE: Geraldine Mund entered in the adversary

proceeding on the June 17, 2008.

The names of all parties to the judgments, orders, or decrees appealed from and the names,

addresses, and telephone numbers of their respective attorneys are as follows:

PLAINTIFF:
NANCY HOFFMEIER ZAMORA, Chapter 7
Trustee of the estate of Debra Denise Parks

Lei Lei Wang Ekvall, Attorney
WEILAND, GOLDEN SMILEY, WANG
EKVALL & STROK, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626

DEFENDANT:
TERESA JEAN MOORE and JENNIFER
LAUREN MOORE

Teresa J. Moore, Defendant
13636 Ventura Blvd, #246
Sherman Oaks, California 91423

Date: June 23, 2008

Respectfully Presented,

*Teresa J. Moore*

Teresa J. Moore, Appellant
Address: 13636 Ventura Blvd, #246
Sherman Oaks, California 91423
Tel: (818) 206-1146 • Fax: (818) 301-2577
Net: teresa_j_moore@yahoo.com

ATTACHMENTS:
    Exhibit 1: ORDER GRANTING PARTIAL ADJUDICATION
    Exhibit 2: ORDER AUTHORIZING SALE OF REAL PROPERTY
    Exhibit 3: ORDER DENYING TERESA MOORE'S ORAL MOTION



FILED

JUN 2 3 2008

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                        Deputy Clerk

## UNITED STATES BANKRUPTCY COURT
## CALIFORNIA CENTRAL DISTRICT

In re

Teresa Jean Moore

Debtor.

)
)
)
)
)
)
)

Bankruptcy Case No: 04-15349-GM
Adversary Case No: 08-01034-GM

**DISTRICT COURT ELECTION
UNDER THE 28 U.S.C. § 158(c)**

## DISTRICT COURT ELECTION

The DEFENDANT: Teresa J. Moore elects the hearing of the appeal by the U.S. District

Court under the 28 U.S.C. § 158(c)

Date: <u>June 23, 2008</u>

Respectfully Presented,

*Teresa J. Moore*

Teresa J. Moore, Appellant
Address: 13636 Ventura Blvd, #246
Sherman Oaks, California 91423
Tel: (818) 206-1146 • Fax: (818) 301-2577
Net: teresa_j_moore@yahoo.com

# EXHIBIT ONE

1   **WEILAND, GOLDEN,**
    **SMILEY, WANG EKVALL & STROK, LLP**
2   Lei Lei Wang Ekvall, State Bar No. 163047
    Autumn D. Spaeth, State Bar No. 208707
3   650 Town Center Drive, Suite 950
    Costa Mesa, California 92626
4   Telephone:   (714) 966-1000
    Facsimile:   (714) 966-1002
5
    Attorneys for Nancy Hoffmeier Zamora,
6   Chapter 7 Trustee of the Estate of
    Debra Denise Parks
7

FILED

JUN 1 7 2008

CLERK, U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY_____ Deputy Clerk

ENTERED

JUN 1 7 2008

CLERK'S BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
L_____ 3rd

8                **UNITED STATES BANKRUPTCY COURT**

9                **CENTRAL DISTRICT OF CALIFORNIA**

10                       **SAN FERNANDO DIVISION**

11   In re                        )   Case No.: 1:04-15349-GM
                                   )
12   TERESA JEAN MOORE,            )   Chapter 7 Case
                                   )
13                                 )   Adv. No.: 1:08-01034-GM
                                   )
14                       Debtor.   )
                                   )   **ORDER:**
15                                 )   **(1) GRANTING PARTIAL SUMMARY**
                                   )       **ADJUDICATION OF THE ISSUES**
16   _____)       **PURSUANT TO FEDERAL RULE**
                                   )       **OF BANKRUPTCY PROCEDURE**
17   NANCY HOFFMEIER ZAMORA,       )       **7056;**
     Chapter 7 Trustee of the Estate of )   **(2) AUTHORIZING THE PARKS**
18   Debra Denise Parks,           )       **TRUSTEE TO SELL CERTAIN**
                                   )       **REAL PROPERTY PURSUANT TO**
19                       Plaintiff, )       **11 U.S.C. § 363(h);**
                                   )   **(3) COMPELLING TURNOVER OF**
20                                 )       **REAL PROPERTY PURSUANT TO**
       vs.                         )       **11 U.S.C. § 542;**
21                                 )   **(4) ISSUING WRIT OF EXECUTION OF**
                                   )       **POSSESSION PURSUANT TO**
22   TERESA JEAN MOORE and         )       **FEDERAL RULE OF**
     JENNIFER LAUREN MOORE,        )       **BANKRUPTCY PROCEDURE 7070**
23                                 )
                                   )   **DATE:   June 12, 2008**
24                       Defendants. )   **TIME:   10:30 a.m.**
                                   )   **CTRM:   303**
25

26       The Motion for Order (1) Granting Partial Summary Adjudication of the Issues

27   Pursuant to Federal Rule of Bankruptcy Procedure 7056; (2) Authorizing the Parks

28   Trustee to Sell Certain Real Property Pursuant to 11 U.S.C. § 363(h); (3) Compelling

1 Turnover of Real Property Pursuant to 11 U.S.C. § 542; (4) Issuing Writ of Execution

2 Pursuant to Federal Rule of Bankruptcy Procedure 7070 (the "Motion") filed by Nancy

3 Hoffmeier Zamora, chapter 7 trustee of the estate Debra Denise Parks (the "Trustee"),

4 came on for hearing on June 4, 2008, at 10:00 a.m., and on June 12, 2008, at 10:30

5 a.m., before the Honorable Geraldine Mund, United States Bankruptcy Judge.

6 Appearances were made by the Trustee and Lei Lei Wang Ekvall of Weiland, Golden,

7 Smiley, Wang Ekvall & Strok, LLP, counsel for the Trustee. All other appearances are

8 as noted in the record.

9      The Court, having considered the Motion and all papers filed in support thereof

10 and in opposition thereto, arguments of the parties, and all other matters presented to

11 the Court, and good cause appearing therefrom,

12      **IT IS ORDERED** that the Motion is granted as follows:

13      1.     Partial summary adjudication of the eighth and thirteenth claims for relief is

14 granted in favor of the Trustee and against Defendant Teresa J. Moore ("Moore"), and

15 the entirety of real property located at 16155 Otsego Street, Encino, California (the

16 "Otsego Property") is property of the estate of Debra Parks (the "Parks Estate"), case

17 number 01:07-14784 GM (the "Parks Case"), free and clear of Teresa Moore's alleged

18 interests, liens, and/or claims, including without limitations, any interests created by

19 unrecorded agreements or documents;

20      2.     Partial summary adjudication of the eighth and thirteenth claims for relief is

21 granted in favor of the Trustee and against Moore, and 50% of the real property located

22 at 3239 Longridge Terrace, Sherman Oaks, California (the "Longridge Property") is

23 property of the Parks Estate, free and clear of Teresa Moore's alleged interests, liens,

24 and/or claims, including without limitations, any interests created by unrecorded

25 agreements and documents;

26      3.     Partial summary adjudication of the eleventh claim for relief authorizing the

27 Trustee to sell the Longridge Property free and clear of Moore's interest in the Longridge

28 Property pursuant to 11 U.S.C. § 363(h) is granted;

1  4.  Partial summary adjudication of the twelfth claim for relief compelling
2  turnover by Teresa Moore and/or all occupants of the Otsego Property and the
3  Longridge Property to the Trustee, along with all keys, garage door openers and access
4  codes, is granted;

5  5.  By no later than June 30, 2008, Moore and/or any occupant of the Otsego
6  Property shall vacate the Otsego Property without laying waste to or damaging the
7  Otsego Property, and shall turn the Otsego Property over to the Trustee along with all
8  keys, garage door openers, and access codes;

9  6.  By no later than June 27, 2008, Moore and/or any occupant of the
10 Longridge Property shall vacate the Longridge Property and shall turn the Longridge
11 Property over to the Trustee along with all keys, garage door openers and access codes,
12 pursuant to a separate order granting the Trustee's motion for authority to sell the
13 Longridge Property filed in Parks Case (the "Longridge Sale Order");

14 7.  In addition, in connection with the entry of this order, the Court will issue a
15 writ of possession that the Trustee is authorized to deliver to the United States Marshal
16 after entry of this order. The writ directs and authorizes the United States Marshal
17 Service to enforce the order if Moore and/or the occupants of the Otsego Property fail to
18 voluntarily comply with this order, pursuant to the following terms and conditions;

19  a.  The Trustee and/or her agents shall accompany the United States
20 Marshal to take possession of the Otsego Property;

21  b.  The United States Marshal, in taking possession of the Otsego,
22 Property shall employ whatever reasonable force is necessary to enter the
23 property regardless of whether the property is locked or unlocked,
24 occupied or unoccupied;

25  c.  Anyone interfering with the enforcement of the Order shall be
26 subject to arrest by the United States Marshal;

27
28

1    d.    The Trustee is authorized to hire and pay all reasonable and

2    necessary fees and expenses to a locksmith to assist in taking possession

3    of the Otsego Property; and

4    e.    The Trustee is authorized to pay all reasonable and necessary fees

5    and expenses incurred in enforcing the Order to the United States Marshal

6    and/or to pay all reasonable and necessary expenses to remove, store

7    and/or dispose of any personal property left on the Otsego Property without

8    further notice to any entity or order of this Court, free and clear of any

9    claims or interests of any entity.

10   8.    Moore shall not enter into any agreements (oral or written) with respect to

11   the Otsego Property without an order of this Court;

12   9.    Moore shall not enter into any agreements (oral or written) with respect to

13   the Longridge Property, unless and until Moore closes the purchase of the Longridge

14   Property by timely and properly exercising her right of first refusal pursuant to 11 U.S.C.

15   § 363(i) upon the conditions set forth in the Longridge Sale Order; and

16   10.   Federal Rules of Bankruptcy Procedure 7062 and 7070 apply to this

17   contested matter.

18   DATED:  6/17/08

19                                    THE HONORABLE GERALDINE MUND
                                      United States Bankruptcy Judge

20

21

22

23

24

25

26

27

28

1

**PROOF OF SERVICE**

STATE OF CALIFORNIA

2 COUNTY OF ORANGE

3     I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 650 Town Center Drive,

4 Suite 950, Costa Mesa, California 92626.

    On June 17, 2008, I served the foregoing document described as **ORDER:**

5 **(1) GRANTING PARTIAL SUMMARY ADJUDICATION OF THE ISSUES PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 7056; (2) AUTHORIZING THE**

6 **PARKS TRUSTEE TO SELL CERTAIN REAL PROPERTY PURSUANT TO 11 U.S.C. § 363(h); (3) COMPELLING TURNOVER OF REAL PROPERTY PURSUANT TO 11**

7 **U.S.C. § 542; (4) ISSUING WRIT OF EXECUTION OF POSSESSION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 7070** on the interested parties in

8 this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

9                                 *(See attached Service List.)*

10 ☑   BY E-MAIL (*only to party as indicated on attached service list)

      ☑   I caused to be transmitted via electronic mail transmission, a .pdf copy of

11           the above-entitled document to the e-mail address provided on the attached service list.

12 ☑   BY MAIL

      ☑   I deposited such envelope with the firm for collection and processing. I am

13           "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that

14           same day with postage thereon fully prepaid at Costa Mesa, California in the ordinary course of business. I am aware that on motion of the party

15           served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in

16           affidavit.

17 ☑   BY OVERNIGHT DELIVERY (*only to party as indicated on attached service list)

      ☑   I deposited such envelope in a box or facility regularly maintained by the

18           express service carrier in an envelope or package designated by the express service carrier with delivery fees provided for.

19 ☑   BY FACSIMILE (*only to party as indicated on attached service list)

      On June 17, 2008, I transmitted the foregoing document(s) from facsimile

20       machine telephone number (714) 966-1002. The transmission was reported as complete and without error, and a record of the transmission was properly issued

21       by the transmitting facsimile machine.

      Executed on June 17, 2008, at Costa Mesa, California.

22       ❑   (State) I declare under penalty of perjury under the laws of the State of

23           California that the above is true and correct.

      ☑   (Federal) I declare that I am employed in the office of a member of the bar

24           of this court at whose direction the service was made. I declare under the penalty of perjury under the laws of the United States of America that the

25           above is true and correct.

                                  /S/

26  Terri Jones

27  Type or print name                     Signature

28

PROOF OF SERVICE

5

1                     **SERVICE LIST**

2 | Kate Bunker
     **United States Trustee**               (VIA U.S. MAIL)

3 | 21051 Warner Center Lane
     Suite 115

4 | Woodland Hills, CA 91367

5 | Teresa J. Moore                 (VIA U.S.MAIL)
     13636 Ventura Blvd.

6 | Suite 246
     Sherman Oaks, CA 91423

7 | **Debtor and Defendant**

8 | *Teresa Jean Moore           *(VIA E-MAIL AND U.S. MAIL)
     4251 Laurel Canyon Boulevard

9 | Studio City, CA 91604
     E-Mail: teresa_j_moore@yahoo.com

10 | Facsimile: (818) 301-2577
     Debtor

11 |
     Jennifer Lauren Moore

12 | 13636 Ventura Blvd.
     Suite 246

13 | Sherman Oaks, C 91423

14 | Nancy Hoffmeier Zamora      (VIA U.S. MAIL)
     444 S. Flower Street

15 | Suite 1550
     Los Angeles, CA 90071

16 | **Chapter 7 Trustee**

17 | Attention: Occupants Of       (VIA U.S. MAIL)
     16155 Otsego Street Property

18 | Encino, Ca 91436-1315

19 | David Keith Gottlieb          (VIA U.S. MAIL)
     Chapter 7 Trustee

20 | 15233 Ventura Blvd., 9th Floor
     Sherman Oaks, CA 91403-2201

21 | **Trustee**

22 | James K.T. Hunter, Esq.     *(VIA FAX (310) 201-0760 AND U.S. MAIL)
     Andrew W. Caine, Esq.

23 | Pachulski Stang Ziehl & Jones, LLP
     10100 Santa Monica Blvd.

24 | Suite 1100
     Los Angeles, CA 90067

25 | **Counsel for Trustee David K. Gottlieb**

26 | Attention: Occupants of
     16155 Otsego Street Property

27 | Encino, Ca 91436-1315

28 |

1    RUTH DE SOSA                        (VIA FAX AND U.S. MAIL)
      C/O BENNETT & ERDMAN

2    LAW OFFICE
      5670 WILSHIRE BLVD

3    SUITE 1400
      LOS ANGELES, CA 90036-5612

4
      Sharon Stevens                     (VIA OVERNIGHT DELIVERY)

5    4153 Vantage Ave.
      Studio City, CA 91604

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE

ORDER GRANTING PARTIAL SUMMARY ADJUDICATION.DOC

1

## SERVICE LIST FOR ENTERED ORDER

2

**SERVED ELECTRONICALLY**

3

**SERVED BY U.S. MAIL**

Lei Lei Wang Ekvall

4  lekvall@wgllp.com
Weiland, Golden,                           Lei Lei Wang Ekvall

5  Smiley, Wang Ekvall & Strok, LLP          lekvall@wgllp.com
650 Town Center Drive, Suite 950          Weiland, Golden,

6  Costa Mesa, California 92626             Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950

7  James K T Hunter                          Costa Mesa, California 92626
jhunter@pszyjw.com

8  James K.T. Hunter, Esq.                   James K T Hunter
Andrew W. Caine, Esq.                     jhunter@pszyjw.com

9  Pachulski Stang Ziehl & Jones, LLP        James K.T. Hunter, Esq.
10100 Santa Monica Blvd.                  Andrew W. Caine, Esq.

10 Suite 1100                               Pachulski Stang Ziehl & Jones, LLP
Los Angeles, CA 90067                    10100 Santa Monica Blvd.

11 **Counsel for Trustee David K. Gottlieb**   Suite 1100
Los Angeles, CA 90067

12 Autumn D. Spaeth, Esq.                    **Counsel for Trustee David K. Gottlieb**
Weiland, Golden,

13 Smiley, Wang Ekvall & Strok, LLP          Autumn D. Spaeth, Esq.
650 Town Center Drive, Suite 950          Weiland, Golden,

14 Costa Mesa, California 92626             Smiley, Wang Ekvall & Strok, LLP
aspeath@wgllp.com                        650 Town Center Drive, Suite 950

15                                           Costa Mesa, California 92626

16                                           Kate Bunker United States Trustee
21051 Warner Center Lane
Suite 115

17                                           Woodland Hills, CA 91367

18                                           Teresa Jean Moore
4251 Laurel Canyon Boulevard

19                                           Studio City, CA 91604
E-Mail: teresa_j_moore@yahoo.com

20
Nancy Hoffmeier Zamora

21                                           444 S. Flower Street Suite 1550
Los Angeles, CA 90071

22
David Keith Gottlieb

23                                           Chapter 7 Trustee
15233 Ventura Blvd., 9th Floor

24                                           Sherman Oaks, CA 91403-2201
**Trustee**

25
Attention: Occupants of

26                                           16155 Otsego Street Property
Encino, Ca 91436-1315

27

28

8                                    PROOF OF SERVICE

ORDER GRANTING PARTIAL SUMMARY ADJUDICATION.DOC

| In re        (SHORT TITLE) | CHAPTER _ CASE NUMBER: |
| Debtor:                    | SV                     |

## NOTICE OF ENTRY OF JUDGMENT OR ORDER
### AND CERTIFICATE OF MAILING

TO ALL PARTIES ON THE ATTACHED SERVICE LIST:

1.      You are hereby notified, pursuant to Local Bankruptcy Rule 9021-1(a)(1)(E), that a judgment or order entitled: ORDER 1. GRANTING PARTIAL SUMMARY ADJUDICATION OF THE ISSUES PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 7056; 2. AUTHORIZING THE PARKS TRUSTEE TO SELL CERTAIN REAL PROPERTY PURSUANT TO 11 U.S.C. SEC 363(h); 3. COMPELLING TURNOVER OF REAL PROPERTY PURSUANT TO 11 U.S.C. SEC. 542; 4. ISSUING WRIT OF EXECUTION OF POSSESSION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 7070  I hereby certify that I mailed a copy of this notice and a true copy of the order or judgment to the persons and entities on the attached service list on: 6/17/08

DATED: 6/17/08

JON D. CERETTO

Clerk of the Bankruptcy Court

By: _____
        Deputy Clerk

1

2

3

## SERVICE LIST

4

5   Lei Lei Wang Ekvall
    650 Town Center Drive Ste 950
6   Costa Mesa, CA 92626

7
    U.S. Trustee
8   via inter office mail

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT TWO

1   **WEILAND, GOLDEN,**
    **SMILEY, WANG EKVALL & STROK, LLP**
2   Lei Lei Wang Ekvall, State Bar No. 163047
    Autumn D. Spaeth, State Bar No. 208707
3   650 Town Center Drive, Suite 950
    Costa Mesa, California 92626
4   Telephone:   (714) 966-1000
    Facsimile:    (714) 966-1002
5
    Attorneys for Nancy Hoffmeier Zamora,
6   Chapter 7 Trustee

7

8                  UNITED STATES BANKRUPTCY COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10                 SAN FERNANDO DIVISION

11  In re                                  ) Case No.: 1:07-14784-GM
                                           )
12  DEBRA DENISE PARKS,                    ) Chapter 7 Case
                                           )
13                                         )
                                           )
14                                         ) **ORDER:**
                                           ) **(1) AUTHORIZING SALE OF REAL**
15                                         )     **PROPERTY FREE AND CLEAR OF**
                                           )     **LIENS, CLAIMS, AND INTEREST**
16                                         )     **PURSUANT TO 11**
                                           )     **U.S.C. § 363(b) AND (f);**
17                                         ) **(2) APPROVING BUYER AND BACK-UP**
                                           )     **BIDDER AS GOOD-FAITH**
18                                         )     **PURCHASER PURSUANT TO**
                                           )     **11 U.S.C. § 363(m); AND**
19                                         ) **(3) AUTHORIZING PAYMENT OF**
                                           )     **UNDISPUTED LIENS, REAL**
20                                         )     **ESTATE BROKER'S COMMISSIONS**
                                           )     **AND OTHER ORDINARY COSTS OF**
21                                         )     **SALE**
                                           )
22                                         ) **[3239 Longridge Terrace,**
                                           ) **Sherman Oaks, California]**
23                              Debtor.    )
                                           ) **Continued Hearing:**
24                                         ) **DATE:   June 12, 2008**
                                           ) **TIME:    10:30 a.m.**
25                                         ) **CTRM:  303**

26      On June 12, 2008, at 10:30 a.m. in Courtroom 303 of the United States

27  Bankruptcy Court located at 21041 Burbank Boulevard, Woodland Hills, California, the

28  Motion for Order (1) Authorizing Sale of Real Property Free and Clear of Liens, Claims,

                                                   ORDER GRANTING MOTION FOR SALE OF
                          1                        LONGRIDGE PROPERTY
ORDER TO SELL.DOC

1  and Interests Pursuant to 11 U.S.C. § 363(b) and (f); (2) Approving Buyer and Back-up

2  Bidder as Good-Faith Purchaser Pursuant to 11 U.S.C. § 363(m); and (3) Authorizing

3  Payment of Undisputed Liens, Real Estate Broker's Commissions and Other Ordinary

4  Costs of Sale (the "Motion") filed by Nancy Hoffmeier Zamora, the chapter 7 trustee of

5  the estate of Debra Denise Parks (the "Trustee"), came on for hearing before the

6  Honorable Geraldine Mund, United States Bankruptcy Judge.  Appearances were made

7  by the Trustee and Lei Lei Wang Ekvall of Weiland, Golden, Smiley, Wang Ekvall &

8  Strok, LLP, counsel for the Trustee.  All other appearances are as noted in the record.

9         The Court, having considered the moving and opposition papers, arguments of

10 counsel and all other matters presented to the Court, and good cause appearing

11 therefrom,

12        **IT IS ORDERED** that:

13        1.     The Motion is granted.

14        2.     Subject to Teresa J. Moore's right of first refusal as described in more

15 detail in ¶ 15 of this Order, the Trustee is authorized to sell the entirety of the Longridge

16 Property to Celia X. Ball and Sherwood E. Ball (collectively, "the Buyer"), as-is, where-is,

17 without representations or warranties, free and clear of any and all liens, claims, and

18 interests, including, but not limited to, IndyMac Bank, Sharon Stevens, Ruth de Sosa,

19 Roma Industries, LLC, Atkinson-Baker, Inc., Margaret Parks, Ofelia Mancera, Teresa

20 Moore, HAPMP Family Partners, LLC, and Parks Ventures, LLP, pursuant to 11 U.S.C.

21 § 363(b), (f), and (h).  The signature of Teresa J. Moore ("Moore") and her spouse shall

22 not be required on any deeds to effectuate the sale.

23        3.     The Buyer is determined to be a "good faith purchaser" pursuant to 11

24 U.S.C. § 363(m) and is entitled to the protections of 11 U.S.C. § 363(m).

25        4.     The terms of the Agreement attached as Exhibit "1" are approved.

26        5.     The Trustee is authorized to pay the Broker's commission (or ½ of the

27 Broker's commission in the event Moore exercises her right of first refusal pursuant to

28

2

ORDER GRANTING MOTION FOR SALE OF
LONGRIDGE PROPERTY

ORDER TO SELL.DOC

¶ 15 of this Order), ordinary costs of sale, and other costs associated the transfer of the Longridge Property without further order of the Court.

6.    The Trustee is authorized to pay property taxes and undisputed liens, or reduced negotiated amounts on liens asserted against the Longridge Property, through escrow without further order of the Court as follows:

a.    First priority deed of trust in favor of IndyMac Bank, F.S.B., or its assignee in the approximate amount of $584,000.00 (so long as there are no disputed costs, interests, charges, and/or fees included in the payoff demand);

b.    Second priority deed of trust in favor of IndyMac Bank, F.S.B., or its assignee in the approximate amount of $100,000.00 (so long as there are no disputed costs, interests, charges, and/or fees included in the payoff demand);

c.    Lien in favor of Ruth de Sosa as governed by that certain Stipulation between the Trustee and Ruth de Sosa filed on or about May 29, 2008, a copy of which is attached hereto as Exhibit "2"; and

d.    Property tax liens for ad valorem taxes.

7.    The balance remaining from the gross proceeds of the sale of the Longridge Property, after payment of the Broker's commission set forth in ¶ 5 of this Order, the taxes and liens set forth in ¶ 6 of this Order, ordinary and reasonable sale and closing costs, and reasonable expenses associated with taking possession of the Longridge Property, shall be referred to as the "Net Proceeds." The liens of Margaret Parks, Ofelia Mancera, Sharon Stevens, and Atkinson-Baker, Inc., shall attach to the Net Proceeds in the same priority, validity, and scope as such liens currently exist against the Longridge Property.

8.    In the event a dispute develops between the Trustee and the holder of one of the liens referenced in ¶ 6 above, such disputed lien, or the unpaid portion of such disputed lien, shall attach to the Net Proceeds in the same priority, validity, and scope as such liens currently exist against the Longridge Property.

9. Moore's alleged 50% co-ownership interest in the Longridge Property shall attach to the Net Proceeds in the same priority, validity, and scope as it currently exists vis-a-vis the Estate's interest in the Longridge Property.

10. The Trustee's rights to object to the validity, scope, and priority of all disputed liens, claims, and/or interests of Margaret Parks, Ofelia Mancera, Sharon Stevens, Atkinson-Baker, Inc., Moore, HAPMP Family Partners, LLC, and Parks Ventures, LLP, are reserved.

11. The lien of Roma Industries, LLC, is based on a judgment that is neither against the Debtor nor against Moore and shall not attach to the Net Proceeds.

12. To the extent Moore has a legitimate 50% co-ownership interest in the Longridge Property, to be separately determined by this Court, and to the extent the Trustee, upon further order of this Court, makes distributions on account of the liens of Sharon Stevens or Atkinson-Baker, Inc., such distributions shall be debited from any proceeds to be paid to Moore on account of her alleged 50% co-ownership interest in the Longridge Property.

13. On or before June 27, 2008, Moore and/or any occupant of the Longridge Property shall vacate the Longridge Property without laying waste to or damaging the Longridge Property, and shall turn the Longridge Property over to the Trustee.

14. The Trustee is authorized to take any and all necessary action to consummate the sale of the Longridge Property.

15. Pursuant to 11 U.S.C. § 363(i), Moore may exercise her right of first refusal to purchase the Longridge Property if and only if all of the following conditions are met:

a. Prior to the Close of Escrow (as defined in the Agreement), Moore shall deposit or cause to be deposited with Escrow (as defined in the Agreement) the total sum of $901,875.00, in all cash, which is calculated by subtracting 50% of the Broker's commission of $46,250.00 from the purchase price of $925,000.00 as follows:

ORDER TO SELL.DOC

1

$925,000.00
- $23,125.00
$901,875.00

2

3    b.    Prior to the Close of Escrow, Moore shall deposit or cause to be

4    deposited cash sufficient to pay all ordinary costs of sale and closing costs, currently

5    estimated to be approximately $16,985.87.

6    In the event Moore timely meets the foregoing conditions, the Trustee shall sell

7    the entirety of the Longridge Property to Moore as-is, where-is, without representations

8    or warranties, free and clear of any and all liens, claims, and interests, including, but not

9    limited to, IndyMac Bank, Sharon Stevens, Ruth de Sosa, Roma Industries, LLC,

10    Atkinson-Baker, Inc., Margaret Parks, Ofelia Mancera, Teresa Moore, HAPMP Family

11    Partners, LLC, and Parks Ventures, LLP, pursuant to 11 U.S.C. § 363(b), (f), and (h).

12    The signature of Teresa Moore and her spouse shall not be required on any deeds to

13    effectuate the sale, and the Trustee shall be authorized to immediately return any funds

14    or deposits paid by the Buyer without further order of the Court. In the event Moore does

15    not timely meet the foregoing conditions, Moore's right of first refusal as prescribed by

16    11 U.S.C. § 363(i) is extinguished.

17    16.    Prior to Moore exercising her right of first refusal as set forth in ¶ 15 of this

18    Order, the Trustee may file a motion seeking a mandatory preliminary injunction to

19    compel Moore to pay 100% of the Broker's commission in the sum of $46,250.00 in

20    connection with Moore exercising her right of first refusal. The Trustee's decision to not

21    file such a motion, however, shall not constitute a waiver or release of any claims that

22    the Trustee may have against Moore for payment of 100% of the Broker's commission.

23    In addition, in connection with the entry of this order, the Court will issue a writ of

24    possession that the Trustee is authorized to deliver to the United States Marshal Service

25    after entry of this order. The writ directs and authorizes the United States Marshal

26    Service to enforce the order pursuant to the following terms and conditions if Moore or

27    the occupants of the Longridge Property fail to voluntarily comply with this order:

28

ORDER TO SELL.DOC

5

ORDER GRANTING MOTION FOR SALE OF
LONGRIDGE PROPERTY

1        1.      The Trustee and/or her agents shall accompany the United States Marshal

2    to take possession of the Longridge Property;

3        2.      The United States Marshal, in taking possession of the Longridge Property

4    shall employ whatever reasonable force is necessary to enter the property regardless of

5    whether the property is locked or unlocked, occupied or unoccupied;

6        3.      Anyone interfering with the enforcement of the Order shall be subject to

7    arrest by the United States Marshal;

8        4.      The Trustee is authorized to hire and pay all reasonable and necessary

9    fees and expenses to a locksmith to assist in taking possession of the Longridge

10   Property; and

11       5.      The Trustee is authorized to pay all reasonable and necessary fees and

12   expenses incurred in enforcing the Order to the United States Marshal and/or to pay all

13   reasonable and necessary expenses to remove, store and/or dispose of any personal

14   property left on the Longridge Property without further notice to any entity or order of this

15   Court, free and clear of any claims or interests of any entity.

16   DATED: 6/17/08

THE HONORABLE GERALDINE MUND
17                                                      United States Bankruptcy Judge

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING MOTION FOR SALE OF
LONGRIDGE PROPERTY

ORDER TO SELL.DOC

| 1 | **PROOF OF SERVICE** |

2 | **STATE OF CALIFORNIA**

3 | **COUNTY OF ORANGE**

4 | I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 650 Town Center Drive,
5 | Suite 950, Costa Mesa, California 92626.

6 | On June 17, 2008, I served the foregoing document described as **ORDER: (1) AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, AND INTEREST PURSUANT TO 11 U.S.C. § 363(b) AND (f);**
7 | **(2) APPROVING BUYER AND BACK UP BIDDER AS GOOD FAITH PURCHASER PURSUANT TO 11 U.S.C. § 363(m); AND (3) AUTHORIZING PAYMENT OF**
8 | **UNDISPUTED LIENS, REAL ESTATE BROKER'S COMMISSIONS AND OTHER ORDINARY COSTS OF SALE** on the interested parties in this action by placing true
9 | copies thereof enclosed in sealed envelopes addressed as follows:

10 | *(See attached Service List.)*

☑ BY E-MAIL (*only to party as indicated on attached service list)

11 | ☑ I caused to be transmitted via electronic mail transmission, a .pdf copy of the above-entitled document to the e-mail address provided on the
12 | attached service list.

13 | ☑ BY MAIL

☑ I deposited such envelope with the firm for collection and processing. I am
14 | "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that
15 | same day with postage thereon fully prepaid at Costa Mesa, California in the ordinary course of business. I am aware that on motion of the party
16 | served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in
17 | affidavit.

18 | ☑ BY OVERNIGHT DELIVERY (*only to party as indicated on attached service list)

☑ I deposited such envelope in a box or facility regularly maintained by the
19 | express service carrier in an envelope or package designated by the express service carrier with delivery fees provided for.

20 | ☑ BY FACSIMILE (*only to party as indicated on attached service list)

21 | On June 17, 2008, I transmitted the foregoing document(s) from facsimile machine telephone number (714) 966-1002. The transmission was reported as
22 | complete and without error, and a record of the transmission was properly issued by the transmitting facsimile machine.

23 | Executed on June 17, 2008, at Costa Mesa, California.

❑ (State) I declare under penalty of perjury under the laws of the State of
24 | California that the above is true and correct.

☑ (Federal) I declare that I am employed in the office of a member of the bar
25 | of this court at whose direction the service was made. I declare under the penalty of perjury under the laws of the United States of America that the
26 | above is true and correct.

27 | Terri Jones
Type or print name           Signature

28 |

| | |
|---|---|
| 1 | <div align="center">**SERVICE LIST**</div> |
| 2 | **United States Trustee** |
| 3 | 21051 Warner Center Lane |
| | Suite 115 |
| | Woodland Hills, CA 91367 |
| 4 | |

1                                    **SERVICE LIST**

2   **United States Trustee**              (VIA U.S. MAIL)
    21051 Warner Center Lane
3   Suite 115
    Woodland Hills, CA 91367
4
    Debra Denise Parks                     (VIA U.S. MAIL)
5   6169 Fern Lane
    Paradise, CA 95969
6   **Debtor**

7   Stuart M. Price, Esq.                  (VIA U.S. MAIL)
    15760 Ventura Blvd.
8   Suite 1100
    Encino, CA 91436
9   **Debtor's Attorney**

10  Nancy Hoffmeier Zamora                 (VIA U.S. MAIL)
    444 S. Flower Street
11  Suite 1550
    Los Angeles, CA 90071
12  **Chapter 7 Trustee**

13  James K.T. Hunter, Esq.                *(VIA FAX (310) 201-0760 AND U.S. MAIL)
    Andrew W. Caine, Esq.
14  Pachulski Stang Ziehl & Jones, LLP
    10100 Santa Monica Blvd.
15  Suite 1100
    Los Angeles, CA 90067
16  **Counsel for Trustee David K. Gottlieb**

17  Dave Osman                             (VIA U.S. MAIL)
    Executive Vice President/Branch Manager
18  Rodeo Realty
    266 N. Beverly Drive
19  Beverly Hills, CA 90210

20  *Teresa Jean Moore                     *(VIA E-MAIL AND U.S. MAIL)
    4251 Laurel Canyon Boulevard
21  Studio City, CA 91604
    Facsimile: (818) 301-2577
22  Debtor

23

24

25

26

27

28

ORDER TO SELL.DOC

| | |
|---|---|
| | **CLAIMANTS** |
| 1 | |
| 2 | INDYMAC BANK          (VIA U.S. MAIL) |

**CLAIMANTS**

INDYMAC BANK
6900 BEATRICE DRIVE
KALAMAZOO, MI 49009-9559
(VIA U.S. MAIL)

SHARON STEVENS
4153 VANTGE AVE.
STUDIO CITY, CA 91604
(VIA OVERNIGHT DELIVERY)

RUTH DE SOSA
C/O BENNETT & ERDMAN
LAW OFFICE
5670 WILSHIRE BLVD
SUITE 1400
LOS ANGELES, CA 90036-5612
(VIA FAX (323) 935-0071 AND U.S. MAIL)

ROMA INDUSTRIES, LLC
C/O HAROLD P. MARGULIES
1875 CENTURY PARK EAST
#1240
LOS ANGELES, CA 90067
(VIA U.S. MAIL)

ATKINSON-BAKER, INC.
500 N. BRAND BLVD., 3RD FLOOR
GLENDALE, CA 91203
(VIA U.S. MAIL)

MARGARET PARKS
61 KAI ONE PLACE
KAILUA HI 96734-2102

MARGARET PARKS
C/O J. BENNETT FRIEDMAN, ESQ
HAMBURG, KARIC, ET AL
1900 AVENUE OF THE STARS, #1800
LOS ANGELES, CA 90067
(VIA U.S. MAIL)

OFELIA MANCERA
2133 PRESTWICK DRIVE
DISCOVERY BAY, CA 94505-1408
(VIA U.S. MAIL)

TERESA MOORE
4251 LAUREL CANYON BLVD
STUDIO CITY, CA 91604-2033
(VIA E-MAIL & U.S. MAIL)

HAPMP FAMILY PARTNERS, LLC
C/O J. BENNETT FRIEDMAN, ESQ.
HAMBURG, KARIC, ET AL
1900 AVENUE OF THE STARS, #1800
LOS ANGELES, CA 90067
(VIA U.S. MAIL)

PROOF OF SERVICE

9

ORDER TO SELL.DOC

1

## CLAIMANTS

2  PARKS VENTURES, L.P.                     (VIA U.S. MAIL)
   C/O J. BENNET FRIEDMAN, ESQ.
3  HAMBURG, KARIC,
   1900 AVENUE OF THE STARS, #1800
4  LOS ANGELES, CA 90067

5  L.A. COUNTY TAX COLLECTOR               VIA U.S. MAIL)
   KENNETH HAHN HALL OF ADMIN
6  225 N. HILL STREET
   LOS ANGELES, CA 90012

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE

ORDER TO SELL.DOC

1                    **SERVICE LIST FOR ENTERED ORDER**

2    **SERVED ELECTRONICALLY**

3    Nicolas A Daluiso
       Robinson Tait
4    616 1st Avenue, Suite 550
       Seattle, WA 98104
5    ndaluiso@robinsontait.com

6    Lei Lei Wang Ekvall
       Weiland, Golden,
7    Smiley, Wang Ekvall & Strok, LLP
       650 Town Center Drive, Suite 950
8    Costa Mesa, California 92626
       lekvall@wgllp.com
9
       Jerome Bennett Friedman
10   Hamburg, Karic, Edwards & Martin, LLP
       1900 Avenue of the Stars, Suite 1800
11   Los Angeles, CA 90067-4409
       jfriedman@hkemlaw.com
12
       Alison J Maloof
13   Pite Duncan, LLP
       525 E. Main Street
14   El Cajon, CA 92020
       ecfcacbrs@piteduncan.com
15
       Stuart M Price
16   15760 Ventura Blvd.
       Suite 1100
17   Encino, CA 91436
       notice@pricelawgroup.com
18
       Autumn D Spaeth
19   Weiland, Golden,
       Smiley, Wang Ekvall & Strok, LLP
20   650 Town Center Drive, Suite 950
       Costa Mesa, California 92626
21   aspaeth@wgllp.com

22   Edward A Treder
       Law Offices of Robert Weiss
23   920 S. Village Oaks Drive
       Covina, CA 91724-3605
24   bky@rewlaw.com

25   United States Trustee (SV)
       21051 Warner Center Lane
26   Suite 115
       Woodland Hills, CA 91367
27   ustpregion16.wh.ecf@usdoj.gov

28

ORDER TO SELL.DOC

11

PROOF OF SERVICE

1   Gilbert B Weisman
    Becket & Lee, LLP
2   16 General Warren Blvd.
    Malvern, PA 19355
3   notices@becket-lee.com

4   Nancy J Zamora
    444 S. Flower Street
5   Suite 1550
    Los Angeles, CA 90071
6   zamora3@aol.com, nzamora@ecf.epiqsystems.com

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SERVED BY U.S. MAIL**

United States Trustee
21051 Warner Center Lane
Suite 115
Woodland Hills, CA 91367

Debra Denise Parks
6169 Fern Lane
Paradise, CA 95969
Debtor

Stuart M. Price, Esq.
15760 Ventura Blvd.
Suite 1100
Encino, CA 91436
Debtor's Attorney

Nancy Hoffmeier Zamora
444 S. Flower Street
Suite 1550
Los Angeles, CA 90071
Chapter 7 Trustee

Teresa Jean Moore
4251 Laurel Canyon Boulevard
Studio City, CA 91604
Facsimile: (818) 301-2577
Debtor

Attention: Occupants of Property
3239 Longridge Terrace
Sherman Oaks, CA 91423-4929

Lei Lei Wang Ekvall, Esq.
Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626

**CLAIMANTS**

INDYMAC BANK
6900 BEATRICE DRIVE
KALAMAZOO, MI 49009-9559

SHARON STEVENS
4153 VANTGE AVE.
STUDIO CITY, CA 91604

RUTH DE SOSA
C/O BENNETT & ERDMAN
LAW OFFICE
5670 WILSHIRE BLVD SUITE 1400
LOS ANGELES, CA 90036-5612

ROMA INDUSTRIES, LLC
C/O HAROLD P. MARGULIES
1875 CENTURY PARK EAST
#1240
LOS ANGELES, CA 90067

ATKINSON-BAKER, INC.
500 N. BRAND BLVD., 3RD FLOOR
GLENDALE, CA 91203

MARGARET PARKS
61 KAI ONE PLACE
KAILUA HI 96734-2102

MARGARET PARKS
C/O J. BENNETT FRIEDMAN, ESQ
HAMBURG, KARIC, ET AL
1900 AVENUE OF THE STARS, #1800
LOS ANGELES, CA 90067

OFELIA MANCERA
2133 PRESTWICK DRIVE
DISCOVERY BAY, CA 94505-1408

TERESA MOORE
4251 LAUREL CANYON BLVD
STUDIO CITY, CA 91604-2033

HAPMP FAMILY PARTNERS, LLC
C/O J. BENNETT FRIEDMAN, ESQ.
HAMBURG, KARIC, ET AL
1900 AVENUE OF THE STARS, #1800
LOS ANGELES, CA 90067

PARKS VENTURES, L.P.
C/O J. BENNET FRIEDMAN, ESQ.
HAMBURG, KARIC,
1900 AVENUE OF THE STARS, #1800
LOS ANGELES, CA 90067

L.A. COUNTY TAX COLLECTOR
KENNETH HAHN HALL OF ADMIN
225 N. HILL STREET
L.OS ANGELES, CA 90012

PROOF OF SERVICE

ORDER TO SELL.DOC

| In re        (SHORT TITLE) | CHAPTER_ CASE NUMBER: |
|---|---|
| Debtor: | SV |

## NOTICE OF ENTRY OF JUDGMENT OR ORDER
## AND CERTIFICATE OF MAILING

TO ALL PARTIES ON THE ATTACHED SERVICE LIST:

1.       You are hereby notified, pursuant to Local Bankruptcy Rule 9021-1(a)(1)(E), that a judgment or order entitled:   ORDER AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, AND INTERESTS PURSUANT TO 11 USC SEC 363(b) AND (f); 2. APPROVING BUYER AND BACK UP BIDDER AS GOOD FAITH PURCHASER PURSUANT TO 11 U.S.C. SEC 363(m) AND 3. AUTHORIZING PAYMENT OF UNDISPUTED LIENS, REAL ESTATE BROKER'S COMMISSIONS AND OTHER ORDINARY COSTS OF SALE;  I hereby certify that I mailed a copy of this notice and a true copy of the order or judgment to the persons and entities on the attached service list on:   6/17/08

DATED:  6/17/08

JON D. CERETTO

Clerk of the Bankruptcy Court

By: _____
        Deputy Clerk

1

2                                    **SERVICE LIST**

3
    Lei Lei Wang Ekvall
4   650 Town Center Drive Ste 950
    Costa Mesa, CA 92626
5

6
    U.S. Trustee
7   via inter office mail

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT THREE

FILED

JUN 1 7 2008

CLERK, U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

ENTERED

JUN 1 8 2008

CLERK, U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>TERESA MOORE<br><br>               Debtor | Case No. SV 04-15349GM<br><br>Adv. No. SV08-01034GM<br><br>Chapter 7 |

| | |
|---|---|
| NANCY HOFFMEIER ZAMORA, Chapter 7<br>Trustee of the Estate of Debra Denise Parks,<br><br>               Plaintiff(s)<br><br>v.<br><br>TERESA JEAN MOORE AND JENNIFER<br>LAUREN MOORE<br><br>               Defendant(s) | |

**ORDER DENYING TERESA MOORE'S ORAL MOTION FOR STAY PENDING APPEAL REGARDING MOTION FOR ORDER :
1. GRANTING PARTIAL SUMMARY ADJUDICATION OF THE ISSUES PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 7056;
2. AUTHORIZING THE PARKS TRUSTEE TO SELL CERTAIN REAL PROPERTY PURSUANT TO 11 U.S.C. §363(h);
3. COMPELLING TURNOVER OF REAL PROPERTY PURSUANT TO 11 U.S.C. §542;
4. ISSUING WRIT OF EXECUTION OF POSSESSION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 7070**

HEARING
DATE: JUNE 17, 2008
TIME: 1:30 P.M.
PLACE: COURTROOM 303
    21041 BURBANK BLVD.
    WOODLAND HILLS, CA 91367

On June 12, 2008 the Court granted the Trustee's motion in the above adversary complaint and continued the matter to June 17, 2008 for a hearing on the order and other documents necessary to implement that decision. At the conclusion of the hearing on June 17, 2008 the Court signed and ordered the entry of the findings of fact, order, and writ of possession. Teresa Moore was allowed to bring an oral motion for stay pending appeal, which was argued, heard, and denied on the record.

1

1    The Court finds that Ms. Moore has not met the burden for a stay pending appeal as to

2    any of the four matters to be considered by the Court:

3    1. There is little likelihood that Ms. Moore will prevail on appeal given the undisputed

4    facts and the status of the law;

5    2. The estate and its creditors would suffer irreparable harm due to delay since payments

6    are not being made on the senior liens and real property is a depreciating asset at this point in time;

7    3. The lien holders would suffer substantial harm due to the depreciating real estate

8    market and the lack of payments on the properties;

9    4. The Bankruptcy Court has been used in an improper fashion to stay the liquidation of

10    these properties and that is a harm to the public interest.

11    For the reasons stated on the record, the request for stay pending appeal is **DENIED** as to

12    the following:

13    Order: 1. Granting partial summary adjudication of the issues pursuant to Federal Rule of

14    Bankruptcy Procedure 7056; 2. Authorizing the Parks Trustee to sell certain real property pursuant to

15    11 U.S.C. §363(h); 3. Compelling turnover of real property pursuant to 11 U.S.C. §542; 4. Issuing writ

16    of execution of possession pursuant to Federal Rule of Bankruptcy Procedure 7070.

17

18    DATED:  6/17/08

GERALDINE MUND
United States Bankruptcy Judge

19

20

21

22

23

24

25

26

27

28

1

## CERTIFICATE OF MAILING

2

I,___CECILIA ESPINO_____, a regularly appointed and qualified clerk of the United States

3   Bankruptcy Court for the Central District of California, do hereby certify that in the performance of my duties as such clerk, I
personally mailed to each of the parties listed below, at the addresses set opposite their respective names, a copy of the

4

**ORDER DENYING TERESA MOORE'S ORAL MOTION FOR STAY PENDING APPEAL**

5   **REGARDING MOTION FOR ORDER : 1. GRANTING PARTIAL SUMMARY
ADJUDICATION OF THE ISSUES PURSUANT TO FEDERAL RULE OF BANKRUPTCY**

6   **PROCEDURE 7056; 2. AUTHORIZING THE PARKS TRUSTEE TO SELL CERTAIN REAL
PROPERTY PURSUANT TO 11 U.S.C. §363(h); 3. COMPELLING TURNOVER OF REAL**

7   **PROPERTY PURSUANT TO 11 U.S.C. §542; 4. ISSUING WRIT OF EXECUTION OF
POSSESSION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 7070**

8

in the within matter.  That said envelope containing said copy was deposited by me in a regular United

9   States mailbox in the City of Los Angeles, in said District, on _____ **JUN 1 8 2008**_____

10

Debra Denise Parks - Debtor                           **Stuart M Price** - Debtor counsel

11   6169 Fern Lane                                           15760 Ventura Blvd Ste 1100

12   Paradise, CA 95969                                      Encino, CA 91436

13   **Nancy J Zamora** - Chapter 7 Trustee              **Lei Lei Wang Ekvall** - Trustee Attorney
444 S. Flower Street, Suite 1550                      650 Town Center Drive Ste 950

14   Los Angeles, CA 90071                                 Costa Mesa, CA 92626

15   Teresa Moore                                            James Hunter - Attorney for Trustee
4251 Laurel Canyon Blvd.                              10100 Santa Monica Blvd. Suite 1100

16   Studio City, CA 91604-2033                            Los Angeles, CA 90067

17   Sharon Stevens - Creditor                             Ruth De Sosa - Creditor

18   4153 Vantage Ave.                                      c/o Bennet & Erdman
Studio City, CA 91604                                 5670 Wilshire Blvd. Suite 1400

19                                                          Los Angeles, CA 90036-5612

20   U.S. Trustee - email

21

22

23

24

25

26                                             _____
                                                              (Clerk)
27

28

3

# UNITED STATES BANKRUPTCY COURT
## CALIFORNIA CENTRAL DISTRICT

In re

Teresa Jean Moore

Debtor.

)
)
)
)
)
)

Bankruptcy Case No: 04-15349-GM
Adversary Case No: 08-01034-GM

**MAIL SERVICE DECLARATION**

## MAIL SERVICE DECLARATION

On the <u>June 23, 2008</u>, I served the document: <u>NOTICE OF APPEAL; DISTRICT COURT</u>

<u>ELECTION</u> on the parties of the <u>SERVICE ADDRESS LIST</u> by the method of the service

indication.

I declare under the penalty of the perjury that the statement is true and correct.

DATE: <u>June 23, 2008</u>

Robert-Garvin: Moore

### SERVICE ADDRESS LIST

| ☒ U.S. Mail ☐ Hand ☐ Fax ☐ Email ☐ FedEx | ☒ U.S. Mail ☐ Hand ☐ Fax ☐ Email ☐ FedEx |
|---|---|
| **Peter C. Anderson**<br>United States Trustee<br>21051 Warner Center Lane, Suite 115<br>Woodland Hills, California 91367 | **David Kieth Gottlieb**, Chapter 7 Trustee<br>c/o James K.T. Hunter, Esq.<br>10100 Santa Monica Blvd, 11th Floor<br>Los Angeles, California 90067<br>Fax: (310) 201-0760<br>jhunter@pszjlaw.com |
| ☒ U.S. Mail ☐ Hand ☐ Fax ☐ Email ☐ FedEx | ☐ U.S. Mail ☐ Hand ☐ Fax ☐ Email ☐ FedEx |
| **Nancy Zamora**, Chapter 7 Trustee<br>c/o Lei Lei Wang Ekvall, Esq.<br>650 Town Center Drive, Suite 950<br>Costa Mesa, California 92626<br>Fax: 714-966-1002<br>aspaeth@wgllp.com; zamora3@aol.com | |
| ☐ U.S. Mail ☐ Hand ☐ Fax ☐ Email ☐ FedEx | ☐ U.S. Mail ☐ Hand ☐ Fax ☐ Email ☐ FedEx |
| | |

# UNITED STATES DISTRICT COURT
## CALIFORNIA CENTRAL DISTRICT

In re                                                    **District Case No:** _____

       Teresa Jean Moore

                Appellant )

        v.                                           **MAIL SERVICE DECLARATION**

NANCY HOFFMEIER ZAMORA, Chapter
7 Trustee of the estate of Debra Denise Parks,
                Appellee.

## MAIL SERVICE DECLARATION

On the <u>June 24, 2008</u>, I served the document: <u>EMERGENCY STAY MOTION</u>

<u>PENDING APPEAL</u> on the parties of the <u>SERVICE ADDRESS LIST</u> by the method of the

service indication.

I declare under the penalty of the perjury that the statement is true and correct.

DATE: <u>June 24, 2008</u>

Robert-Garvin: Moore

### SERVICE ADDRESS LIST

| ☒ U.S. Mail ☐ Hand ☐ Fax ☐ Email ☐ FedEx | ☒ U.S. Mail ☐ Hand ☒ Fax ☒ Email ☐ FedEx |
|---|---|
| **Peter C. Anderson**, United States Trustee<br>21051 Warner Center Lane, Suite 115<br>Woodland Hills, California 91367 | **David Kieth Gottlieb**, Chapter 7 Trustee<br>c/o James K.T. Hunter, Esq.<br>10100 Santa Monica Blvd, 11th Floor<br>Los Angeles, California 90067<br>Fax: (310) 201-0760<br>jhunter@pszjlaw.com |
| ☒ U.S. Mail ☐ Hand ☒ Fax ☒ Email ☐ FedEx | ☐ U.S. Mail ☐ Hand ☐ Fax ☐ Email ☐ FedEx |
| **Nancy Zamora**, Chapter 7 Trustee<br>c/o Lei Lei Wang Ekvall, Esq.<br>650 Town Center Drive, Suite 950<br>Costa Mesa, California 92626<br>Fax: 714-966-1002<br>aspaeth@wgllp.com; zamora3@aol.com | |